This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. A-1-CA-37058**

**BRANDIE POOLAW,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant Brandie Poolaw challenges the sufficiency of the evidence to support her jury convictions for one count of aggravated assault upon a peace officer (deadly

weapon) and one count of resisting, evading, or obstructing an officer. [DS 1; RP 111-12, 147-52] Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded with a memorandum in opposition to our notice. We have considered Defendant's response and remain unpersuaded. We, therefore, affirm.

{2}    In our notice of proposed disposition, we set forth the jury instructions given in this case, recounted the evidence presented at trial, and proposed to conclude that there was sufficient evidence to support Defendant's convictions. [CN 2-4] In response, Defendant maintains that there was insufficient evidence to support her convictions. [MIO 2-7] However, she does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{3} With respect to the aggravated assault upon a peace officer with a deadly weapon conviction, Defendant acknowledges that the State presented evidence that while the officer was chasing Defendant and ordering her to stop, Defendant pulled out a knife and held it out in front of her face, which suggested to the officer that Defendant was willing to use the knife, and this scared the officer. [MIO 7] Nevertheless, Defendant maintains that there was insufficient evidence to support this conviction. [MIO 6-7] As discussed in our notice of proposed disposition, and based on the foregoing facts, we conclude there was sufficient evidence to support Defendant's conviction for aggravated assault upon a peace officer with a deadly weapon.

{4} With respect to the resisting, evading, or obstructing an officer conviction, Defendant asserts that she did not know that the officer was attempting to arrest her. [MIO 3-5] Defendant acknowledges the facts set forth in our notice of proposed disposition. [MIO 1] Additionally, she recognizes that the relevant statute and the jury instruction given required the State to prove that Defendant knew that the officer was attempting to "apprehend or arrest" her. [MIO 3-4] As discussed in the notice of proposed disposition, after the officer got out of her vehicle, she called out to Defendant to speak with her; Defendant dropped her belongings and fled on foot; then, the officer ordered Defendant to stop; the officer deployed her Taser toward

Defendant but missed; and Defendant kept running and yelling obscenities at the officer. [CN 3-4] We conclude that there was sufficient evidence that Defendant knew the officer was attempting to apprehend or arrest her.

{5}     Viewing the evidence in the light most favorable to the guilty verdicts, we conclude that there was sufficient evidence to support both of Defendant's convictions. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("A reviewing court must view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict."); *see also State v. McGhee*, 1985-NMSC-047, ¶ 17, 103 N.M. 100, 703 P.2d 877 ("The determination of the weight and effect of the evidence, including all reasonable inferences to be drawn from both the direct and circumstantial evidence is a matter reserved for determination by the trier of fact.").

{6}     For the reasons set forth in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

4

_____
**DANIEL J. GALLEGOS, Judge**