This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**MICHAEL GRIEGO,**
**Plaintiff-Appellant,**
**v.**
**DUKE CITY REDI-MIX, LLC,**
**Defendant-Appellee.**

Docket No. A-1-CA-37679
COURT OF APPEALS OF NEW MEXICO
May 20, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Beatrice J. Brickhouse, District Judge

**COUNSEL**

Daniel Morris Faber, Albuquerque, NM for Appellant

The Spence Law Firm NM, LLC, Dennis K. Wallin, Albuquerque, NM for Appellee.

**JUDGES**

M. MONICA ZAMORA, Chief Judge. WE CONCUR: J. MILES HANISEE, Judge, JACQUELINE R. MEDINA, Judge

**AUTHOR:** M. MONICA ZAMORA

**MEMORANDUM OPINION**

**M. ZAMORA, Chief Judge.**

**{1}** Plaintiff appeals from the district court's order granting Defendant's motion to dismiss and dismissing Plaintiff's amended complaint. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiff filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Plaintiff continues to argue that the district court erred in granting the motion to dismiss, and contends that the question of whether

Plaintiff's expectations were reasonable so as to support a finding of an implied contract should go to a jury. [MIO 3-4] However, as we explained in our calendar notice, "an employer may be entitled to judgment as a matter of law if the employee's expectations are not objectively reasonable." [CN 5-6] *West v. Wash. Tru Sols., LLC*, 2010-NMCA-001, ¶ 7, 147 N.M. 424, 224 P.3d 651.

**{3}**     As we further explained in the calendar notice, and as the case law cited by Plaintiff reiterates, Plaintiff's belief as to the existence of an implied contract, based on the facts alleged in the amended complaint, is objectively unreasonable because the cited handbook provision does nothing to restrict the employer's power to discharge. [CN 3, 5-6] Plaintiff contends this conclusion produces an absurd result because an employer would be protected from liability for firing an employee who follows an employer's written order. [MIO 3] Such result is not absurd, but merely reflects the nature of at-will employment. *See Hartbarger v. Frank Paxton Co.*, 1993-NMSC-029, ¶ 4, 115 N.M. 665, 857 P.2d 776 ("An at-will employment relationship can be terminated by either party at any time *for any reason* or no reason, without liability." (emphasis added)). As Plaintiff acknowledges, an at-will employee may lawfully be terminated even "for following the employer's orders." [MIO 2]

**{4}**     Plaintiff has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{6}     IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**