This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38168**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SAMUEL PIÑON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Aarons Law Firm PC
Stephen D. Aarons
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals from his conviction for second-degree murder. This Court issued a calendar notice proposing to affirm Defendant's conviction. Defendant has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant challenges the admissibility of (1) the State's irrelevant and prejudicial expert witnesses' testimony at trial; and (2) the preliminary hearing testimony of Marissa Castillo because Defendant did not have a meaningful opportunity

to cross-examine the witness. Defendant continues to assert both issues in his memorandum in opposition.

**{3}**     First, Defendant continues to assert that "[t]he [district] court failed in its gatekeeper duties to exclude from the jury junk science twisted beyond recognition to gain a murder conviction." [MIO 5] "To find plain error, the Court must be convinced that admission of the testimony constituted an injustice that created grave doubts concerning the validity of the verdict." *State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056 (internal quotation marks and citation omitted). Defendant contends in his memorandum in opposition that "a shoe expert stated that three out of fifty-six (56) shoe impressions 'were consistent with the shoes worn' by [Defendant]" and another "expert testified that four of sixteen (16) impressions at the scene 'could neither be identified nor eliminated as having been created' by [Defendant's] tires." [MIO 3, 4, ¶¶ 4, 6] Defendant argues that as a result of the district court's failure to conduct a proper Rule 11-702 NMRA inquiry [MIO 4-5, ¶¶ 7-8], the experts were allowed to testify "that they could not eliminate [D]efendant's shoe and tire impressions" from the scene, enabling "prosecution to place [Defendant] at the scene absent physical evidence." [MIO 5, ¶ 8]

**{4}**     We conclude that Defendant has not demonstrated plain error because the experts' testimony merely declines to affirmatively exclude Defendant's shoe and tire impressions from the scene and does not indicate that Defendant is the individual who murdered the victim. *See Montoya*, 2015-NMSC-010, ¶ 49 (refusing to find plain error in the admission of expert testimony when the expert "made no assertions that [the d]efendant caused" the victim's injuries and there was "ample evidence outside of [the expert's] testimony to support the jury's finding of guilt"). Furthermore, there was testimony from another witness that, in fact, placed Defendant at the scene. [DS 5] *See id.* The disputed expert testimony did not create grave doubts as to the verdict and therefore its admission was not plain error. *See id.* ¶ 46.

**{5}**     Second, Defendant continues to assert that his Confrontation Clause rights were violated when "an additional [forty-four (44)] items of evidence had been disclosed by the State subsequent to the preliminary hearing testimony of Marissa Castillo[,]" which effectively prevented Defendant "from any meaningful cross-examination of the witness at the preliminary hearing." [MIO 6, ¶ 9] Defendant again has not identified how the additional items of evidence impacted his defense or changed his motive for cross-examination. Instead, Defendant cites cases that assert general statements of law regarding the Confrontation Clause and preliminary examinations and asks this Court to place the case on the general calendar so he can brief "how the forty-four items of discovery would have altered cross examination." [MIO 9]

**{6}**     While we do not disagree with the general propositions of law referenced by Defendant, they do not require reversal in the present case. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 758 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and that repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031,

297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("[I]n summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Ibarra*, 1993-NMCA-040, ¶¶ 4, 10, 116 N.M. 486, 864 P.2d 302 (noting that the counsel who tried the case prepares the initial docketing statement, which provides each side the opportunity to advance its version of the facts, and indicating that this Court does not order transcripts or place cases on the general calendar to allow an appellant to "sort through the transcript for unidentified error"); *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("It has long been recognized by this [C]ourt that the appellate rules do not allow appellate counsel to pick through the record for possible error."). Without any explanation as to how the forty-four items of evidence provided after the preliminary hearing impacted Defendant's effective cross-examination of Ms. Castillo or any authority demonstrating that any discovery disclosed after a preliminary examination renders a prior cross-examination not meaningful, we are unpersuaded that the district court violated Defendant's Confrontation Clause rights by admitting the preliminary examination testimony. *See Hennessey*, 1998-NMCA-036, ¶ 24.

**{7}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm Defendant's conviction.

**{8}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**