This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37850

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL G. JOHNSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistance Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**    Defendant appeals from his convictions for possession of a firearm by a felon, failure to register a vehicle, improper display of a registration plate, and no proof of insurance, following a jury trial. [2 RP 256-58] In our notice of proposed disposition, we proposed to summarily affirm. [CN 9] Defendant filed a memorandum in opposition to this Court's notice of proposed disposition. We have given due consideration to the memorandum in opposition, and remaining unpersuaded, we affirm Defendant's convictions.

**{2}** In his memorandum in opposition, Defendant continues to argue the same claims of error that he raised in his docketing statement. First, Defendant asserts that the district court abused its discretion by granting Defendant an adverse inference jury instruction, rather than Defendant's requested remedies of suppression or dismissal, where the lapel and dash camera videos of the investigating officers were lost and not provided to Defendant. [MIO 1, 6-10]

**{3}** In our calendar notice, we proposed that the district court did not err in granting Defendant the remedy of an adverse inference jury instruction. We noted that by granting Defendant's request for an adverse jury instruction, the district court must have concluded that the lost evidence was material—in other words, in some way "determinative of guilt[,]" *Scoggins v. State*, 1990-NMSC-103, ¶ 9, 111 N.M. 122, 802 P.2d 631 (internal quotation marks and citation omitted)—and further that Defendant was prejudiced by the loss of the material evidence. *See also State v. Chouinard*, 1981-NMSC-096, ¶ 16, 96 N.M. 658, 634 P.2d 680 (discussing New Mexico's "three-part test to determine whether deprivation of evidence is reversible error"). [CN 4-5] Thus, we concluded that Defendant's argument was that the district court abused its discretion by not ordering the remedy that Defendant thought most appropriate. [CN 4] We suggested that Defendant had not demonstrated that the district court erred in assessing the *Chouinard* factors in determining the remedy most appropriate in Defendant's case. [CN 5]

**{4}** Now, Defendant argues that the district court erred because the district court did not require the State to present testimony explaining how the videos had been lost or what steps it had taken to try to recover the videos. [MIO 4] Defendant notes that the district court made no "formal factual findings." [MIO 4, 1 RP 125-26] Defendant argues that the district court "did not develop the factual record sufficiently to determine the full extent of the State's negligence or bad faith[,]" [MIO 7] and that because it did not require evidence from the State, it did not have an opportunity to learn whether the loss of evidence "might have resulted from gross negligence or bad faith." [MIO 8]

**{5}** Nonetheless, while the district court may not have heard testimony on the loss of the evidence in Defendant's case, we do not conclude that resulted in an abuse of discretion by the district court. "We review a district court's remedy for lost or destroyed evidence for an abuse of discretion." *State v. Reddz*, 2013-NMCA-089, ¶ 18, 308 P.3d 1000. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). In Defendant's case, we cannot conclude that the choice of remedy provided to Defendant, an adverse inference jury instruction, was clearly untenable or not justified by reason. It appears that the district court ruled in favor of Defendant on the *Chouinard* factors, finding a breached duty by the State, the materiality of the missing evidence, and prejudice to Defendant. The district court then imposed a remedy less extreme than suppression or dismissal.

Defendant has not shown that this was an abuse of discretion of the district court, and thus, we decline to so conclude.

**{6}** As he did in his docketing statement, Defendant additionally argues in his memorandum in opposition, that a given jury instruction deviated from the uniform jury instruction because his instruction read that he "transported and/or possessed a firearm," and Defendant objected to the "and/or." [MIO 11] We addressed this claim in our calendar notice, and concluded that the argument was without merit. [CN 6-8] Defendant has not asserted any fact, law, or argument that persuades us that our analysis of Defendant's jury instruction argument was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{7}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{8}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**