This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38961**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**KELLY R.,**

Respondent-Appellant,

and

**TIM T.,**

Interested Party,

**IN THE MATTER OF LIBERTY T.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
James M. Hudson, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

JulieAnne Hufstedler Leonard, PC
JulieAnne Hufstedler Leonard
Capitan, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Respondent Kelly R. (Mother) appeals from the district court's judgment terminating her parental rights to Liberty T. (Child). On appeal, Mother contends that there was insufficient evidence presented at the hearing to support the termination of her parental rights by clear and convincing evidence, especially because Mother did not cause the conditions that resulted in the inception of this case. [MIO 12] This Court issued a notice of proposed disposition considering Mother's arguments and proposing to affirm. Mother now has filed a memorandum in opposition to this Court's notice of proposed disposition. Having given due consideration to the arguments raised by Mother, this Court affirms the termination of her parental rights.

**{2}** In her memorandum in opposition, Mother maintains that "there was insufficient evidence presented at the termination hearing to prove termination of [Mother's] parental rights by clear and convincing evidence, especially given that Mother did not cause the conditions that resulted in the filing of this case in the first place." [MIO 5] We addressed this argument in our proposed summary disposition. [CN 8-9] In our calendar notice, we noted that at the time Child was brought into custody, the Children, Youth and Families Department (CYFD) identified two concerns as to Mother—specifically, that Mother was "unable to provide basic needs and housing, and [C]hild [was] left with inappropriate caregivers." [2 RP 326] While it is established in our case law that leaving a child in the care of another is not necessarily sufficient in itself to establish neglect, a parent must continue to insure that the caretaker is properly providing for the child's needs. *See In re Guardianship of Ashleigh R.*, 2002-NMCA-103, ¶ 20, 132 N.M. 772, 55 P.3d 984; *In re Eventyr J.*, 1995-NMCA-087, ¶¶ 13-21, 120 N.M. 463, 902 P.2d 1066 (holding mother responsible for harm that befell children while in the care of others, where mother repeatedly left children with others when she "needed a break," sometimes did not know where children were, and left children in the care of their grandmother knowing that the grandmother was ill and that it was difficult for the grandmother to take care of the children). [CN 8-9] In her memorandum in opposition, Mother continues to assert that "if she had not been wrongly blamed for Child's condition in the first place, she would have never faced the prospect of termination of her parental rights." [MIO 14] Mother has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing

the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Mother to the analysis in our notice of proposed disposition.

**{3}**      In our calendar notice, we noted that Mother made a general argument as to the sufficiency of the evidence supporting the termination. [CN 10] Our review of the record proper suggested that the district court made a thorough review of all the evidence on the matter of termination. [2 RP 325-34] The evidence demonstrates that Mother failed to make sufficient progress in complying with her treatment plan. To the extent that Mother now emphasizes in her sufficiency argument that CYFD "did not provide reasonable efforts under the treatment plan to ensure Mother's enrollment in an inpatient treatment program to address long[-]term addiction to substances that hindered her ability to raise Child[,]" we are unpersuaded. [MIO 11]

**{4}**      This Court is limited in its review of the district court's decision, and must "resolve[] all disputes of facts in favor of the successful party and indulge[] all reasonable inferences in support of the prevailing party." *State ex rel. Children, Youth & Families Dep't v. Arthur C.*, 2011-NMCA-022, ¶ 27, 149 N.M. 472, 251 P.3d 729 (internal quotation marks and citations omitted). On appeal, "our job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 28, 132 N.M. 299, 47 P.3d 859. "What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and recalcitrance of the problems that render the parent unable to provide adequate parenting." *Id.* ¶ 23.

**{5}**      Mother asks us to consider that there was evidence in the record proper that Mother "specifically asked [CYFD] about attending inpatient treatment, but there is no evidence that [CYFD] followed through by helping Mother enroll in such services." [MIO 15] However, in our proposed summary disposition, we specifically noted some of the efforts CYFD attempted to make to assist Mother with her long-term addiction. There was testimony that Mother had forty-six no shows for random drug screenings, and one positive hair test. [CN 5] Mother's permanency plan worker for CYFD testified that Mother did not attend inpatient or outpatient rehab, and she did not complete the drug and alcohol assessment because she did not have state identification. [CN 5-6] Mother's second permanency plan worker testified that Mother did not work on any parts of her treatment plan, including attending inpatient rehab. [CN 6] Further, the district court considered those addiction and rehabilitation issues in making its termination decision:

> [Mother's] testimony that, after the filing of the motion to terminate her parental rights, she arranged admission to a residential rehabilitation

program is commendable but insufficient to show that she will take meaningful steps to comply with the treatment plan. Nor do her actions overcome in any meaningful way the almost complete failure to work her treatment plan before the motion to terminate her parental rights was filed.

[2 RP 329] Despite Mother's invitation to do so, this Court does not reweigh the evidence on appeal. *See State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674. Viewing the evidence in the light most favorable to the district court's determination that CYFD made reasonable efforts under the circumstances, we hold the district court did not err in concluding that CYFD had satisfied its statutorily required obligations and that there was clear and convincing evidence to support the district court's conclusion. [2 RP 325-34]

**{6}**      To the extent that Mother argues that assignment to the general calendar is required "[d]ue to the fundamental rights at stake," and "to allow for a thorough review of the relevant facts in this case," we note that reassignment to a non-summary calendar is not required where it "would serve no purpose other than to allow appellate counsel to pick through the record" for possible error. *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479. [MIO 6, 11]

**{7}**      For the reasons stated above and in this Court's notice of proposed disposition, the district court's order terminating Mother's parental rights is affirmed.

**{8}      IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**