This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39096

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**DESTINEE C.,**

Respondent-Appellant,

and

**MIGUEL C.,**

Respondent,

**IN THE MATTER OF REYLENE C., and LILIANA C.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**William E. Parnall, District Judge**

Children, Youth and Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Law Office of Shasta N. Inman, LLC
Shasta N. Inman
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Respondent (Mother) appeals from the district court's adjudicatory order, asserting that the evidence was insufficient to prove she had abused or neglected Children. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition to our proposed summary disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In our calendar notice, we suggested the evidence was sufficient to prove that Mother failed to take reasonable steps to protect Children from Father's continued sexual abuse. [CN 2-5] In her memorandum in opposition, Mother continues to challenge the sufficiency of the evidence to support the district court's adjudicatory order, particularly asserting that Father was entirely responsible for the conditions that brought Children into custody. [MIO 9-16] Mother explains that she "does not deny that Father may have sexually abused Children, but she maintains that she had nothing to do with these circumstances." [MIO 9]

**{3}** Mother's memorandum in opposition is largely unresponsive to our notice of proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Rather, Mother continues to assert she was unable to protect Children from Father due to circumstances entirely out of her control, including that Father had sole custody. [MIO 9, 12-16] However, "a non-custodial parent has a duty to ensure that his or her child is being adequately supported and cared for." *State ex rel. Children, Youth & Families Dep't v. Michael H.*, 2018-NMCA-032, ¶ 30, 417 P.3d 1130. As we recognized in our calendar notice, this duty continues even if a parent is incarcerated, as Mother was here. [CN 5] In addition, although Mother continues to assert that no one followed through when she raised concerns of Father's abuse to the authorities [MIO 12-14], as we pointed out in our calendar notice, criminal charges were filed against Father, but were dismissed because Mother did not provide the district attorney access to Children for criminal prosecution [CN 3]. Mother does not contest that the charges were dismissed due to her failure to cooperate in this regard. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** Mother requests that we reassign this matter to the general calendar to allow her to review the transcript of the proceedings to determine whether Mother shared responsibility for Father's harm of Children and to ensure that the district court's decision is supported by clear and convincing evidence. [MIO 9, 17] Mother asserts, without elaboration, that "[e]vidence of Children's hearsay statements during the adjudicatory hearing is crucial to this analysis." [MIO 9] We fail to see, and Mother has not explained, why review of these statements is necessary, especially given that our calendar notice relied on other facts—which Mother has not contested—in support of affirmance. We therefore reject Mother's request for reassignment to the general calendar because it "would serve no purpose other than to allow appellate counsel to pick through the record" and "[i]t has long been recognized by this [C]ourt that the appellate rules do not allow appellate counsel to pick through the record for possible error." *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479; *see State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674 (providing that on appeal, we employ a narrow standard of review, view the evidence in the light most favorable to the prevailing party, and do not re-weigh the evidence).

**{5}** Accordingly, for the reasons discussed above and in our notice of proposed disposition, we affirm the order of the district court.

**{6}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**