This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38200**

**ANNETTE M. TAPIA,**

Petitioner-Appellee,

v.

**JAMES F. TAPIA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Cheryl Hein Johnston, District Judge**

Armand T. Carian
Albuquerque, NM

for Appellee

Genus Law Group
Anthony Spratley
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Respondent appeals from the district court order approving the stipulated final decree of dissolution of marriage. This Court issued a calendar notice proposing to affirm the district court's order. Respondent has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** In Respondent's memorandum in opposition, he continues to argue that this Court treats his out-of-court testimony the same as we treated the husband's in-court testimony acknowledging an agreement between the parties in *Herrera v. Herrera*, 1999-NMCA-034, 126 N.M. 705, 974 P.2d 675, which testimony we relied on to

determine that an agreement had been made in this case. [MIO 1] Respondent also continues to argue that there was no indication that he consented to the mediated agreement. [Id.] We proposed to conclude that these arguments are unavailing in our notice of proposed disposition.

**{3}** Respondent has not asserted any facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm the district court's stipulated final decree of dissolution of marriage.

**{5}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**