This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39432**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**GILBERT B.,**

      Respondent-Appellant,

**IN THE MATTER OF ARIANNA B.
and LAWRENCE B.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Kathleen A. McGarry, District Judge**

Children, Youth and Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Johnna L. Studebaker
Santa Fe, NM

Guardian Ad Litem

# MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Father appeals the district court's order terminating his parental rights. Unpersuaded that Father demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Father has responded to our notice with a memorandum in opposition. We have considered Father's response and remain unpersuaded. Accordingly, we affirm.

**{2}** On appeal, Father challenges the sufficiency of the evidence to support termination of his parental rights, contending Children, Youth & Families Department (CYFD), did not make reasonable efforts to assist him when it failed to afford him access to individualized treatment for domestic violence or anger management. [DS 11-14] Father's memorandum in opposition adds that CYFD should have referred him to inpatient treatment or some other program to deal with long-term substance abuse. [MIO 12-15] To avoid the unnecessary duplication of efforts, we do not repeat the extensive analysis in our notice and focus, instead, on the argument raised in Father's memorandum in opposition.

**{3}** Father's response to our notice does not specifically dispute any of the facts or law upon which our proposed analysis relied. "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. In fact, Father's response does not address our assessment of the district court's determination of the reasonableness of CYFD's efforts based on the totality of the circumstances, including CYFD's statutory obligation, the parent's efforts, and the child's health and safety. *See State ex rel. Children, Youth & Families Dep't v. Keon H.*, 2018-NMSC-033, ¶¶ 40-41, 48, 421 P.3d 814. Father's response focuses solely on CYFD's perceived failures and does not explain how these perceived failures establish error in the termination of his parental rights within the appropriate legal framework. Under the circumstances of this case, the appropriate legal framework examines: Father's own level of cooperation; CYFD's actual efforts with the family aimed at reunification within the truncated, fifteen-month statutory timeline; Father's repeated criminal acts and incarcerations since Children were placed in CYFD custody; the extent of Father's problems and Children's needs; Father's failure to demonstrate commitment to his sobriety and anger management until after his release from jail, seventeen months after Children were taken into custody; and Children's particularly acute need for comfort and stability in the home and at school, provided by their current, long-term placement with their paternal aunt in Santa Fe. [2 RP 480-89] *See State ex rel. Children, Youth & Families Dep't v. Browind C.*, 2007-NMCA-023, ¶ 45, 141 N.M. 166, 152 P.3d 153 (commending the mother's "recent success at sobriety . . . [,] encourag[ing] her to stay the course[,]" but recognizing that her efforts were " 'too little, too late' "); *State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083,

¶ 21, 136 N.M. 53, 94 P.3d 796 (stating that "[s]tate law allows a reunification plan to be maintained for a maximum of fifteen months"); *see also State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266 ("Because it is important for children to have permanency and stability in their lives, termination proceedings should not continue indefinitely."); *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 299, 47 P.3d 859 ("What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting."); *Patricia H.*, 2002-NMCA-061, ¶ 27 ("CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent.").

**{4}** We also note that the record does not support the contention in Father's memorandum in opposition that CYFD failed to refer Father to inpatient substance abuse treatment. [1 RP 46; MIO 12-15] CYFD did arrange for Father to attend an inpatient substance abuse program; he left prematurely, was arrested three days later for breaking into Children's maternal grandparents' home, among other things, and was incarcerated on multiple charges. [1 RP 46, 82-83] We also note that Father completed a three-month intensive outpatient treatment program, arranged by CYFD between Father's incarcerations, [DS 7-9] and Father claims to have achieved sobriety while in jail through his continual use of methadone [2 RP 485]. Again, Father does not address CYFD's perceived failure relative to his substance abuse problem in the context of the facts of the case or the law.

**{5}** Because Father has not addressed CYFD's efforts within the totality of the circumstances and under the requirements of our statute and case law, Father has not established error in our proposed analysis of the district court's assessment. *See Mondragon*, 1988-NMCA-027, ¶ 10. We remain persuaded that sufficient evidence supports the termination of Father's parental rights. Accordingly, for the reasons stated in our notice and those provided herein, we affirm the district court's order terminating his parental rights.

**{6}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**