This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39541

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**DANIEL N.,**

Respondent-Appellant,

and

**VIOLA S.,**

Respondent,

and

**IN THE MATTER OF NATHANIEL S. and DANIEL N. Jr.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**John J. Romero, Jr., District Judge**

Children, Youth and Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Zimmerman Law, LLC
Shona L. Zimmerman
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**     Father appeals from the district court's judgment terminating his parental rights as to Children. Unpersuaded that Father's docketing statement established error, we issued a notice of proposed summary disposition, proposing to affirm. Father has responded with a memorandum in opposition to our notice. We have considered Father's response and remain unpersuaded that the district court erred. We therefore affirm.

**{2}**     On appeal, Father challenges the sufficiency of the evidence to support the termination of his parental rights, contending: (1) Children, Youth & Families Department (CYFD) did not establish that the causes of conditions that brought Children into custody were unlikely to change in the future [DS 7-9; MIO 11-14]; and (2) CYFD did not make reasonable efforts to assist Father [DS 9-11; MIO 14-17]. To avoid the unnecessary duplication of efforts, we do not repeat the extensive analysis in our notice and focus, instead, on the arguments raised in Father's memorandum in opposition.

**{3}**     Father's memorandum in opposition provides a far more developed explanation of the proceedings and evidence presented below than did his docketing statement, but he does not specifically dispute any of the facts or law upon which our proposed analysis relied. "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. In fact, Father's response does not address our proposed affirmance within the appropriate analytical framework that considers the sufficiency of the evidence based on the totality of the circumstances, including CYFD's statutory obligation, the parent's efforts, and the Children's health and safety. *See Children, Youth & Families Dep't v. Keon H.*, 2018-NMSC-033, ¶¶ 40-41, 48, 421 P.3d 814. Instead, Father simply contends that we should give greater consideration to the limitations caused by his incarceration, require the district court to afford him more time to work the treatment plan when he is released from jail, and that CYFD did not ensure that he could achieve the required services while he was incarcerated. [MIO 13-14, 17]

**{4}**     Our proposed analysis examined Father's efforts while he was in and out of jail, and observed that while he was out of jail, he was not playing a parental role and refused to participate in a safety plan for Children, he stopped caring for his hospitalized

baby, had minimal contact with CYFD, missed appointments, and did not fully engage in his treatment plan to make the necessary progress. [CN 5-6; DS 7] We also noted that Father failed to show recognition of his role in the reasons why Children were brought into CYFD custody, failed to understand Children's trauma and needs, and continued to blame CYFD and the foster parents for Children's behavioral issues. [CN 6-7; DS 7] Father continues to provides no reason why giving him additional time to alleviate the causes and conditions that brought Children into CYFD custody would be successful, in Children's best interests, or consistent with the statutory requirement that "a reunification plan to be maintained for a maximum of fifteen months." *State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083, ¶ 21, 136 N.M. 53, 94 P.3d 796; *see id.* ¶¶ 21, 53 (observing that "[p]arents do not have an unlimited time to rehabilitate and reunite with their children" and that "the district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that caused their children to be deemed neglected or abused"). [CN 8-9] We see no exception to the statutory time limits for parents who are in and out of jail during the proceedings.

{5}     Father also does not persuade us that more was required of CYFD under the circumstances. Father does not explain why he could not complete treatment on his plan while he was out of jail; why CYFD should be responsible for ensuring that the jail offered the treatment Father required at the times when he was incarcerated; and why the limitations of his incarceration and perceived failures by CYFD require reversal when balanced with all the other factors and all the efforts CYFD made to preserve the family. *See Keon H.*, 2018-NMSC-033, ¶¶ 40-41; *State ex rel. Children, Youth & Families Dep't v. Laura J.*, 2013-NMCA-057, ¶ 39, 301 P.3d 860 ("That [the parent] did not fully participate in or cooperate with the services does not render [CYFD]'s efforts unreasonable."); *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 20, 132 N.M. 299, 47 P.3d 859 ("What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting."); *id.* ¶ 27 ("CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent.").

{6}     Because Father has not addressed his allegations of error within the totality of the circumstances and under the requirements of our statute and case law, Father has not established error in our proposed analysis of the district court's assessment. *See Mondragon*, 1988-NMCA-027, ¶ 10. We remain persuaded that sufficient evidence supports the termination of Father's parental rights. Accordingly, for the reasons stated in our notice and those provided herein, we affirm the district court's order terminating his parental rights.

{7}     **IT IS SO ORDERED**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**