**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-031**

**Filing Date: January 16, 2013**

**Docket No. 30,512**

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellant,**

**v.**

**RYAN HARRIS,**

    **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**BUSTAMANTE, Judge.**

**{1}**     The joint and stipulated motion for publication filed by the State and Defendant is granted. The Memorandum Opinion filed in this case on October 26, 2012, is withdrawn and this Formal Opinion is substituted in its place.

**{2}**     The State appeals the dismissal of a felon in possession charge against Defendant. The district court dismissed the charge on the ground that Defendant's conditional discharge entered in 2006 had not been revoked, and therefore could not serve as the predicate felony

1

for the current felon in possession charge. On appeal, the State argues that a conditional discharge is a "conviction" for purposes of satisfying the definition of the felon in possession statute. Alternatively, the State argues that the district court erred in dismissing the charge because the conditional discharge order had been revoked. We affirm based on our case law holding that a conditional discharge order is not a "conviction," and the fact that the conditional discharge order in this case was not revoked.

**DISCUSSION**

**{3}** The felon in possession statute defines a "felon" as "a person convicted of a felony offense." NMSA 1978, § 30-7-16(C)(2) (2001). Prior to 1993, when the conditional discharge option was made available for first-time felons, Defendant's guilty plea would have been considered a conviction because a conviction was considered a "finding of guilt, even before formal adjudication by the court, much less before sentencing." *State v. Mondragon*, 107 N.M. 421, 424, 759 P.2d 1003, 1006 (Ct. App. 1988). However, as discussed in *State v. Herbstman*, 1999-NMCA-014, ¶ 20, 126 N.M. 683, 974 P.2d 177, the 1993 enactment of the conditional discharge statute carved out an exception to that general rule such that a conditional discharge order could not serve as a "conviction" unless a particular statute expressly so stated. *Cf.* NMSA 1978, § 31-18-17(A) (2003) (stating that for habitual offender enhancement a conditional discharge is considered a prior felony conviction). Subsequent case law has reaffirmed this principle. *See, e.g.*, *In re Treinen*, 2006-NMSC-013, ¶ 4, 139 N.M. 318, 131 P.3d 1282; *State v. Fairbanks*, 2004-NMCA-005, ¶ 8, 134 N.M. 783, 82 P.3d 954.

**{4}** The State argues that either Defendant's conditional discharge was revoked by operation of law or the failure to order it revoked was a ministerial oversight. In this case, a conditional discharge order was entered in October 2006. Consistent with NMSA 1978, Section 31-20-13 (1994), the order was entered without an adjudication of guilt and with a sentencing term of two years and six months. The plea and disposition agreement acknowledged Defendant's potential incarceration. In June 2007, Defendant's probation was revoked, and he was placed back on probation. In February 2008, Defendant's probation was revoked again, but this time the district court ordered that Defendant be incarcerated for 182 days. The district court's order did not state that the conditional discharge was revoked; to the contrary, the box for revoking conditional discharge was unchecked.

**{5}** The State argues that the failure to mark the box was a ministerial oversight. The transcript of the sentencing hearing does not support the State's contention. The parties announced to the district court that they had reached an agreement on the violation: Defendant would serve six months in jail. The court accepted this agreement without any discussion concerning the revocation of the conditional discharge order. In light of the complete absence of any discussion about exercising the court's discretion to revoke the conditional discharge, we reject the claim that the unchecked box was a ministerial oversight.

2

**{6}** The State also argues that the conditional discharge order was revoked by operation of law. First, the State maintains that a conditional discharge is a form of a deferred sentence and, once Defendant was incarcerated, the conditional discharge was revoked as a matter of law. The Legislature enacted the conditional discharge statute as an alternative to a deferred sentence, however, in that there is no adjudication of guilt unless the court exercises its discretion to revoke the conditional discharge order under Section 31-20-13(B). *See Herbstman*, 1999-NMCA-014, ¶ 20. To equate a conditional discharge with a deferred sentence would render the statute meaningless, a point emphasized in *Herbstman*. *Id.*

**{7}** The State is correct that the conditional discharge statute contemplates that a defendant will be subject to probation during his sentence. *See* § 31-20-13(A). However, we are not limited to a consideration of Section 31-20-13(A). The statute provides the district court with broad sentencing discretion upon a probation violation. *See* § 31-20-13(B) ("If the person violates any of the conditions of probation, the court may enter an adjudication of guilt and proceed as otherwise provided by law."). It is a basic rule of statutory construction that the use of the word "may," as opposed to "shall," confers discretion with the court. *See State v. Donahoo*, 2006-NMCA-147, ¶ 7, 140 N.M. 788, 149 P.3d 104.

**{8}** In this case, the record indicates that the district court did not choose to enter an adjudication of guilt. As we have stated, we are not inclined to speculate that this was an oversight given the lack of any discussion on the matter at the sentencing hearing and the absence of any indication to do so in the court's order revoking probation. *Cf. State v. Lohberger*, 2008-NMSC-033, ¶ 22, 144 N.M. 297, 187 P.3d 162 (noting that a lack of certainty in court orders should not be at the expense of important rights). Oral comments by a judge may be used to clarify a written ruling by the court, and in this case the judge's silence reaffirms the written order and its inaction on the revocation issue. *See Ledbetter v. Webb*, 103 N.M. 597, 604, 711 P.2d 874, 881 (1985) (stating that a district court's verbal comments can be used to clarify written findings).

**{9}** The State refers us to *Vives v. Verzino*, 2009-NMCA-083, ¶ 15, 146 N.M. 673, 213 P.3d 823, where we examined a Florida sentencing procedure and concluded that it was not analogous to a conditional discharge because the defendant had been sentenced to jail as part of his punishment. We observed that under Section 31-20-13(A), a defendant is placed on probation. *Vives*, 2009-NMCA-083, ¶ 15. In the current case, however, we are guided by the language of Section 31-20-13(B), which gives a sentencing court broad discretion after probation has been revoked. Defendant's plea specifically authorized the district court to impose a period of incarceration in the event of a probation violation. Therefore, even if Section 30-20-13 does not itself contemplate incarceration, the district court, in its broad sentencing discretion, could conclude that the conditional discharge would not be revoked, but Defendant would nevertheless be punished according to the terms of the plea agreement he had with the State, which permitted incarceration upon a probation violation. *See State v. Mares*, 119 N.M. 48, 51, 888 P.2d 930, 933 (1994) (observing the sentencing court's broad discretion to apply the unique terms of a plea agreement, which may deviate from the

3

statutory punishment that would otherwise occur). Finally, the State relies on *State v. Handa*, 120 N.M. 38, 45-46, 897 P.2d 225, 232-33 (Ct. App. 1995), where the defendant had included a conditional discharge as a prior felony in his plea agreement. *Handa* does not support the State's argument, because it is an "invit[ed] error" case. We held that the defendant could not complain about the erroneous inclusion of the conditional discharge because he himself had suggested it. *Id.*

**{10}** We acknowledge that Defendant did not successfully complete the term of his probation. *See Fairbanks*, 2004-NMCA-005, ¶ 10 (noting that "the successful completion of probation under the terms of a conditional discharge results in the eradication of the guilty plea or verdict and there is no conviction"). However, Section 31-20-13(B) gives the district court the discretion to revoke or not revoke the conditional discharge after a finding of non-compliance. In the absence of any oral or written indication that the district court intended to revoke the conditional discharge order, the record in this case supports the view that the conditional discharge order was not revoked. Instead, the court crafted a punishment permitted by the underlying plea agreement.

**CONCLUSION**

**{11}** For the reasons stated above, we affirm the district court's dismissal of the felon in possession charge.

**{12}** **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for *State v. Harris*, No. 30,512**

**CRIMINAL LAW**
Controlled Substances

**CRIMINAL PROCEDURE**
Conditional Discharge
Deferred Sentence
Probation

4

**STATUTES**
Rule of Construction