This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

        Plaintiff-Appellee,

**v.**                           **No. 36,247**

**RAY JEFF GONZALES,**

        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Defendant Ray Gonzales appeals from his conviction for trafficking a controlled substance, contrary to NMSA 1978, Section 30-31-20 (2006). [RP 120]

Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition (MIO) to our notice. We remain unpersuaded and therefore affirm.

{2} Defendant raises one issue on appeal, challenging the sufficiency of the evidence to support his conviction. [DS 4] Our notice detailed the relevant facts and set forth the law that we believed controlled. Applying the law to the facts, we proposed to conclude that the evidence was sufficient to support Defendant's conviction.

{3} In response, Defendant takes issue with the sufficiency of the evidence because, according to him, all the evidence against him was circumstantial in nature. [MIO 5] Additionally, Defendant points out that there was no information concerning: (1) the confidential informant Agent Nickerson used in this case, (2) the man who approached the vehicle prior to the sale, or (3) a vehicle that was allegedly circling the area where the sale took place. [MIO 5] We are not persuaded. Relative to Defendant's first argument, we disagree with him that all the evidence presented was circumstantial in nature. Specifically, we note that Agent Nickerson testified that he purchased methamphetamine from Defendant. [DS 3; MIO 4] This is direct evidence, and when considered along with the other evidence described in our notice of proposed disposition, it is more than adequate to support Defendant's conviction. *See State v.*

*Rael*, 1999-NMCA-068, ¶ 27, 127 N.M. 347, 981 P.2d 280 (holding that there was sufficient evidence to support the defendant's convictions for trafficking a controlled substance where an undercover officer testified that he purchased narcotics from the defendant); *State v. Chandler*, 1995-NMCA-033, ¶ 15, 119 N.M. 727, 895 P.2d 249 (holding that circumstantial evidence may support a conviction if that evidence provides a sufficient basis for a fact-finder to infer guilt beyond reasonable doubt).

{4}     In short, Defendant does not assert that our account of the evidence upon which we proposed to rely was incorrect; further, his response does not assert any new factual or legal argument that persuades this Court that our notice was incorrect regarding the sufficiency of the evidence. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superceded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Therefore, on the basis of our analysis in the notice of proposed disposition, we hold that sufficient evidence supports Defendant's conviction.

{5}     For the reasons set forth in our notice and this opinion, we affirm.

{6}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

3

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

_____

**HENRY M. BOHNHOFF Judge**