This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**C. BRIAN JAMES,**

　　Plaintiff-Appellant,

**v.**                                                                     **No. A-1-CA-36337**

**INCORPORATED COUNTY OF LOS ALAMOS,**

　　Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**Sylvia Lamar, District Judge**

C. Brian James
Santa Fe, NM

Pro Se Appellant

Office of the County Attorney
Kathryn Thwaits
Los Alamos, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Plaintiff C. Brian James, a self-represented attorney, appeals from the district court's order denying his motion for summary judgment and granting Defendant Incorporated County of Los Alamos's motion for summary judgment, and order denying Plaintiff's motion for reconsideration. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiff filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Plaintiff contends that the district court "enforced a provision of the Agreement that was not approved by the County Council." [MIO 5] Specifically, Plaintiff appears to be arguing that the Amendment to the Agreement—the part that extends the contract to June 1, 2012 or until a new county attorney was hired—was not approved by the County Council. [*See* MIO 5; *see also* MIO 1-3] Indeed, he contends that "[w]ithout further Council authorization or modification the Agreement was extended in March 2012, because [Defendant] was not through with its County Attorney selection process in March, resulting in the extension of the Agreement at issue herein." [MIO 3] He thus appears to be arguing that the contract should have expired according to its terms on "March 10, 2012 or upon the hiring of a new county attorney." [MIO 1] This appears to be Plaintiff's argument despite the fact that he seems to have acknowledged the amendment as a valid document in his original motion for summary judgment. [*See* 1 RP 38 (¶ 3)]

{3} Even if Plaintiff's contention were true, however, the agreement still expired by its own terms once March 10, 2012 passed or a new county attorney was appointed. [*See* CN 5-7] Plaintiff does not point this Court to anything in the employment agreement that would entitle him to a severance payment in the event the contract expires without action on the part of either party or in the event the contract expires due to the appointment of a new county attorney. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. In fact, as discussed in our notice of proposed disposition, the employment agreement states the opposite. [*See* CN 7-9] Thus, regardless of whether the contract expired on March 10, 2012, June 1, 2012, or when the new county attorney was hired, Plaintiff is not entitled to severance payment under the terms of the employment agreement.

{4} Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm.

{5} **IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____

**LINDA M. VANZI, Chief Judge**


_____

**M. MONICA ZAMORA, Judge**

4