This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                             **NO. A-1-CA-37768**

**JOSEPH MULDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}** Defendant appeals the district court's affirmance of the metropolitan court's decision denying his motion to suppress or, in the alternative, his request for an adverse inference instruction. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant contends the trial court erred by either denying an adverse inference for non-collected evidence or denying suppression of the officer's testimony under *State v. Ware*, 1994-NMSC-091, ¶ 23, 118 N.M. 319, 881 P.2d 679, based on the

stopping officer's failure to record the entirety of his interaction with Defendant. [MIO 1] Our notice proposed to adopt the district court's recitation of the facts, law, reasoning, and result.

**{3}** In response, Defendant has not asserted any new facts, law, or argument persuading us that our adoption of the district court's memorandum opinion, as laid out in our calendar notice, is incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Accordingly, we affirm.

**{5}** **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**