This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NO. A-1-CA-38263**

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

Petitioner-Appellee,

v.

**RACHEAL O.,**

Respondent-Appellant,

and

**DANIEL B.,**

Respondent,

**IN THE MATTER OF JASMINE B.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Respondent Racheal O. (Mother) appeals from the district court's judgment terminating her parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Mother continues to contend that trial counsel was ineffective in requesting the appointment of a guardian ad litem (GAL) to represent Mother and that this ineffectiveness prejudiced Mother. [MIO 7, 9] Mother has not asserted any new facts, law, or argument that would otherwise persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Mother to our analysis therein.

**{3}** To the extent that Mother argues we should look beyond the district court's order, which stated "the Guardian ad Litem report and supplemental report, prepared and filed in this cause by . . . court-appointed Guardian ad Litem (GAL) for Respondent Rachael [O.], are not adopted, incorporated or considered by the Court and are stricken from the record" [3 RP 659, 664], we decline to second guess the district court in this regard on appeal. *See Termination of Parental Rights of Reuben & Elizabeth O. v. Dep't of Human Servs.*, 1986-NMCA-031, ¶ 25, 104 N.M. 644, 725 P.2d 844 (stating that we presume a trial court disregards inadmissible evidence and that "erroneous admission of testimony does not constitute reversible error, unless it is apparent that the court considered such evidence in deciding the case"); *see also Holzem v. Presbyterian Healthcare Servs.*, 2017-NMCA-013, ¶ 18, 388 P.3d 255 (holding that the written order prevails in the event of a discrepancy between the district court's oral statements and a written order); *cf. In re Rebecca M. (Angel A.)*, 2008-NMCA-038, ¶ 9, 143 N.M. 554, 178 P.3d 839 (noting that our Supreme Court "has repeatedly held that the oral comments of a judge are not binding and that only a written judgment reflects the court's decision").

**{4}** Additionally, to the extent Mother asserts her due process rights were violated by the GAL's report, any such claim fails because Mother has not demonstrated any prejudice as a result of the report. *See State v. Guerra*, 2012-NMSC-027, ¶ 30, 284 P.3d 1076 (recognizing that in the absence of demonstrating harm done by alleged errors, there is no due process violation).

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we decline to place Mother's case on the general calendar, and we summarily affirm the district court's order terminating Mother's parental rights to Children. *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("[R]eassignment to a non[-]summary calendar would serve no purpose other than to allow appellate counsel to pick through the record. It has long been recognized by this court that the appellate rules do not allow appellate counsel to pick through the record for possible error.").

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**BRIANA H. ZAMORA, Judge**