This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38364**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**RANDY MORALES,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosemary Cosgrove-Aguilar, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Ben A. Ortega
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals his metropolitan court convictions for aggravated DWI, failure to use a turn signal, failure to maintain traffic lane, and expired registration. We issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant maintains that his trial counsel was constitutionally ineffective for failing to file two motions to suppress evidence. In support of his argument, Defendant argues that this Court, in analyzing the question of whether the initial traffic stop was supported by reasonable suspicion, should consider the "inception" of the stop from the

moment the officer witnessed Defendant's vehicle touch the white line, rather than at the moment the officer actually engaged his emergency equipment and pulled Defendant over. [MIO 2-3] *See State v. Leyva*, 2011-NMSC-009, ¶ 10, 149 N.M. 435, 250 P.3d 861 (stating that, in the context of an investigatory detention, the officer's action must have been justified at the inception of the stop). Defendant fails, however, to support his argument that the inception of the stop occurred prior to the officer actually pulling Defendant over with any citation to authority. "[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists." *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129. Additionally, given that Defendant has been unable to provide any authority for this argument, we struggle to see how he could meet his burden to show that his trial counsel's performance fell below the standard of a reasonably competent attorney by failing to file the identified motions. *See State v. Mosley*, 2014-NMCA-094, ¶ 19, 335 P.3d 244.

**{3}**     Moreover, to the extent Defendant contends that the officer did not have reasonable suspicion to pull him over based on his touching the white line, Defendant's argument is unavailing. Defendant asserts that, under *State v. Siqueiros-Valenzuela*, 2017-NMCA-074, 404 P.3d 782, "the [L]egislature did not intend to penalize momentary, brief or minor deviations from driving outside the marked lines." [MIO 3] We disagree with Defendant's characterization of this Court's holding in *Siqueiros-Valenzuela*. *See id.* ¶ 22 (holding that officers did not have reasonable suspicion to stop the defendant, despite the defendant crossing over the white line, because the totality of the circumstances demonstrated that the defendant maintained her lane "as nearly as practicable"). In addition, this argument is not well taken because, as discussed in our notice of proposed disposition, the officer observed other traffic violations prior to pulling Defendant over. [*See* CN 3]

**{4}**     As such, Defendant has failed to provide any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we refer Defendant to our analysis therein.

**{5}**     For the foregoing reasons, we affirm Defendant's convictions.

**{6}     IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**