This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38291**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**WALTER TAYLOR,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his jury trial convictions for stalking and criminal damage to property. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant continues to argue in his MIO that the evidence was insufficient to support his convictions, contending that "if this Court were to reweigh the evidence in this case, the evidence suggests that a reasonable doubt existed that [Defendant] was stalking [the Victim], or that he damaged the property of another." [MIO 2-3] With regard

to his conviction for stalking, Defendant asserts that the State failed to show the distance from the parking lot where Defendant was located to Victim's apartment, reiterating his assertion that it was not his intent to violate Victim's order of protection against him or cause her to fear for her safety. [MIO 3] As to his conviction for criminal damage to property, Defendant continues to assert that the State failed to prove ownership of the police car that he damaged. [MIO 3]

{3}      We addressed both of these contentions in our notice of proposed disposition. While we recognized that Defendant claimed that it was not his intent to threaten, intimidate, or otherwise cause Victim to fear for her safety [CN 3-4], we also outlined the ample evidence in support of his conviction for stalking—particularly, his intent—and we explained that it is not this Court's role to supplant the jury's view of the evidence. [CN 3-4] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (explaining that the appellate courts do not reweigh the evidence and may not substitute our judgment for that of the jury, as long as there is sufficient evidence to support the verdict). We also suggested that the officer's testimony made it reasonable for the jury to infer that Defendant was not the owner of the police vehicle and did not have permission to damage the same. [CN 5-6] *Cf. State v. Nevarez*, 2010-NMCA-049, ¶ 37, 148 N.M. 820, 242 P.3d 387 (holding that officer testimony that the defendant kicked out a window in a patrol car and damaged its door was sufficient testimony to establish that the defendant had, without permission, injured or tampered with a motor vehicle of another). It was for the jury to resolve any conflicts in the evidence and determine weight and credibility in the testimony, and we therefore reject Defendant's invitation to reweigh the evidence supporting his convictions. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

{4}      Defendant has not otherwise asserted any fact, law, or argument in his MIO that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

{5}      **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**