This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-38280

**CITY OF ROSWELL,**

Plaintiff-Appellee,

v.

**GERARDO SEGURA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Parker W. Patterson, Deputy City Attorney
Roswell, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals the sufficiency of the evidence to support his conviction for shoplifting following a bench trial, contrary to the Roswell, N.M., Code of Ordinances, ch. 10, art. IV, Div. 2, § 10-42 (2007). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant continues to argue in his MIO that the evidence was insufficient to support his conviction, contending that "if this Court were to reweigh the evidence in this case, the evidence suggests that a reasonable doubt existed that [Defendant] was the

shoplifter" observed by a security officer. [MIO 3] As a part of this contention, Defendant reasserts that the security officer's identification was tainted. [MIO 3] Nevertheless, Defendant notes, as he must, that the district court relied on surveillance video in concluding that the State had proven the element of Defendant's identity. [MIO 2]

{3}     In our notice of proposed disposition, we recognized that Defendant argued that he was not the person depicted on the surveillance video relied upon by the district court. [CN 3] However, we also outlined the ample evidence in support of his conviction—and particularly his identity—and we explained that it is not this Court's role to supplant the trial court's view of the evidence. [CN 3-4, 6] *See State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 ("The court should not re[]weigh the evidence to determine if there was another hypothesis that would support innocence or replace the fact-finder's view of the evidence with the appellate court's own view of the evidence."); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the [fact-finder] is free to reject [the d]efendant's version of the facts."). We therefore reject Defendant's invitation to reweigh the evidence as it was for the trial judge to resolve any conflicts in the evidence and determine weight and credibility in the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

{4}     Defendant has not otherwise asserted any fact, law, or argument in his MIO that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{5}     IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**