This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39701**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**HARRISON THOMPSON,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryan, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellant Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant appeals from the district court's amended judgment and sentence, convicting him of aggravated DWI (refused testing) in a de novo trial on appeal from magistrate court. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his conviction [DS 9-10, 13; MIO 9-13] and contends the district court erroneously admitted the officer's testimony about how quickly alcohol normally dissipates from an individual's

body after consumption, thus allowing inadmissible expert testimony that was more prejudicial than probative [DS 9-10, 12-13; MIO 5-9]. Our notice proposed multiple grounds for affirmance of the district court's denial of Defendant's challenge to the officer's testimony [CN 1-5] and thoroughly analyzed the facts and law in proposing to affirm his conviction [CN 5-8]. Defendant's memorandum in opposition to our notice does not demonstrate that our proposed affirmance was erroneous in either our recitation of the facts or our application of the law to those facts. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{3}     Accordingly, for the reasons set forth above and in our notice, we affirm the district court's judgment and sentence.

{4}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**