This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40010**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**QUENTIN C.,**

Respondent-Appellant,

and

**JACLEEN H.,**

Respondent,

**IN THE MATTER OF SAVANNAH H.
and ARAYAH H.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Respondent (Father) appeals the district court's order terminating his parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition to our proposed summary disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Father continues to assert he was prejudiced by trial counsel's failure to ensure use immunity prior to the initial termination hearing. We remain unconvinced that Father has shown prejudice. Although Father contends broadly that the district court's consideration of his testimony and reopening of the termination proceedings "had little effect once the termination order had been previously issued[,]" Father has not pointed to anything in the record to support this assertion. [MIO 14] *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 (explaining that "an assertion of prejudice is not a showing of prejudice" (alteration, internal quotation marks, and citation omitted)).

**{3}**     Father also continues to argue that the Children, Youth and Families Department (CYFD) failed to prove by clear and convincing evidence that the causes and conditions that brought Children into custody were unlikely to change in the foreseeable future. [MIO 5, 12-17] Given the evidence presented, we conclude the district court did not err by concluding CYFD met its burden, even in light of Father's contention that with additional time and the right treatment he could have overcome his substance abuse issues. [MIO 17] *See State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶ 53, 136 N.M. 53, 94 P.3d 796 ("[T]he district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that cause their children to be deemed neglected or abused.").

**{4}**     Father has not otherwise presented any facts, authority, or argument in his memorandum in opposition that persuades this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Accordingly, for the reasons discussed above and in our notice of proposed disposition, we affirm.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**