This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40581**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**EVET SANTIAGA MUÑOZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Richard M. Jacquez, District Judge**

Hector H, Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals the sufficiency of the evidence to support her conviction for contributing to the delinquency of a minor (CDM). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Defendant withdraws her appeal as to Defendant's Issue 2 [MIO 7-8] and reasserts her contentions with regard to Defendant's Issue 1, that the evidence was not sufficient to support her conviction [MIO 2-7]. In support of this claim, Defendant contends that "[t]his case is markedly different from

other[ CDM cases] in which adult defendants took some affirmative action in contributing to a child's delinquency." [MIO 5] We disagree. As we explained in our notice of proposed disposition, Defendant was a passenger in a vehicle that drove up while the minor was involved in an oral altercation with another person. Defendant then chose to exit the vehicle and shout in Spanish for the minor to hit that person, which minor did. [CN 3] These actions are sufficient to support the jury's verdict that Defendant contributed to the delinquency of the minor by encouraging his delinquent behavior. [CN 3-4] Further, to the extent Defendant continues to argue that "there is no indication from the testimony at trial that the physical fight would not have occurred" absent Defendant's shouts encouraging the minor to hit the other person [MIO 7], we remain unpersuaded. *See State v. Trevino*, 1993-NMSC-067, ¶ 17, 116 N.M. 528, 865 P.2d 1172 (noting that NMSA 1978, Section 30-6-3 (1990), does not require the defendant's actions to actually cause the minor's delinquency, and that "[t]he defendant is punished for his own acts, not those of the juvenile"); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (noting that the jury is free to reject a defendant's version of the facts); *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (explaining that when reviewing the sufficiency of the evidence on appeal, this Court does not reweigh the evidence, nor may we substitute our judgment for that of the fact-finder).

**{3}** Defendant's memorandum in opposition has not otherwise asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{4}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**