This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38223**

**CARLOS L. DIAZ,**

Plaintiff-Appellant,

v.

**LAW OFFICE OF BARELA and
ELIAS BARELA,**

Defendants-Appellees,

and

**NANCY E. BARELA and JOSE A. DIAZ,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Louis E. DePauli, Jr., District Judge**

Carlos L. Diaz
Albuquerque, NM

Pro Se Appellant

Rio Abajo Law, LLC d/b/a
Elias Barela, Attorney at Law, LLC
Los Lunas, NM

for Appellees

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

{1}    The prior memorandum opinion is withdrawn and the following is substituted. Summary affirmance was proposed in this case, and after no memorandum in opposition was entered, this Court entered a memorandum opinion affirming for the reasons stated in the notice of proposed summary disposition. Plaintiff filed a motion for extension of time, which this Court additionally construed as a motion for rehearing, and granted. Plaintiff then filed a memorandum in opposition to the proposed summary disposition, which we have duly considered. Remaining unpersuaded that the district court committed reversible error, we again affirm.

{2}    Our notice proposed to affirm based on our suggestions that the district court did not err by (1) failing to automatically enter default judgment when Elias Barela and the Law Office of Elias Barela (Defendants) failed to respond to Plaintiff's complaint within thirty days of his alleged service of the complaint upon them [CN 2-3]; (2) allowing Defendants to file a motion to dismiss [CN 3-4]; (3) not entering default judgment against all defendants when they did not respond to his complaint within thirty days of service [CN 4-5]; (4) permitting Defendants' filing of a notice of excusal [CN 5-6]; and (5) various other undeveloped and hypothetical contentions by Plaintiff [CN 6-7].

{3}    In his memorandum in opposition, Plaintiff persists in several of his contentions, arguing that (1) he made proper service on Defendants; (2) Plaintiff "submitted letters" to Defendants before requesting default judgment; (3)-(4) some defendants named in the case were not active, and "[rode] on the [c]oat[-]tail" of Defendants who filed a motion for leave to file an answer to the complaint and to dismiss; (5) nothing indicated that Plaintiff's original complaint was flawed and needed amending; and (6) "[t]here is nothing in either our Rules of Civil Procedure or the New Mexico [s]tatutes that requires[] a civil complaint to specifically recite reliance on theories of vicarious liability or apparent agency in order to provide fair notice of a cause of action." [MIO 2-3] To the extent these issues were not raised in the docketing statement, we construe Plaintiff's filing as a motion to amend the docketing statement. We deny motions to amend the docketing statement if the issue that the appellant is seeking to raise is not viable. *State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that, even if counsel had properly briefed the issue, we "would deny [the] defendant's motion to amend because we find the issue he seeks to raise to be so without merit as not to be viable").

{4}    We first note that as to Plaintiff's concerns about the remaining parties in the case, the order on appeal only dismissed Defendants from the case and has been certified by the district court as final and appealable only as to Defendants (Elias Barela and the Law Office of Elias Barela). [3 RP 522-23] *See* Rule 1-054(B) NMRA ("If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment about one or more, but fewer than all, claims or parties, only if the court expressly finds no just reason for delay."). The order being appealed does not apply to the remaining defendants in the case.

**{5}** Next, the record reflects that, contrary to Plaintiff's assertions, the district court initially denied Defendants' motion to dismiss without prejudice, enumerated the flaws of Plaintiff's complaint, and ordered Plaintiff to file an amended complaint within thirty days, which Plaintiff did not do. [1 RP 248-50] The order stated that the district court was "unable to discern what alleged facts, or set of alleged facts, pertain to which [d]efendant or [d]efendants[,]" and that the complaint was "verbose and contain[ed] redundant, immaterial, and confusing allegations." [1 RP 249] This order said nothing about Plaintiff needing to enumerate specific vicarious liability or apparent agency claims. [1 RP 248-50] We last note that Plaintiff's contentions about service do not raise reversible error or demonstrate error in the notice of proposed disposition.

**{6}** In general, the arguments contained in Plaintiff's memorandum in opposition do not sufficiently address the specific concerns this Court identified in our notice of proposed disposition, do not persuade us that this Court's proposed summary disposition was in error, and do not otherwise impact our analysis or our disposition of this case. Therefore, we affirm for the reasons stated in our notice of proposed disposition and herein. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We deny Plaintiff's motion to amend the docketing statement as nonviable.

**{7}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**