This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40949**

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

    Petitioner-Appellee,

v.

**JEFFREY S.,**

    Respondent-Appellant,

and

**RAYTODRICK H.,**

    Respondent,

**IN THE MATTER OF AZAYLAH S.,**
**JALAYAH S., KAIIDENCE S., and**
**NIAZHUA S.**

    Children,

and

**IN THE MATTER OF KAIIDEN H.,**

    Child.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Court Judge**

Children, Youth & Families Department
Mary McQueeny, Chief Children's Court Attorney
Santa Fe, NM

Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Father appeals from the district court's judgment terminating his parental rights as to Children. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our notice proposed to affirm based on our suggestions that (1) Children, Youth & Families Department (CYFD) presented sufficient evidence to support the termination of Father's parental rights, and Father had not demonstrated, and the record did not otherwise reflect, that CYFD failed to make reasonable efforts to assist him [CN 2-7], and (2) the district court did not err in determining that the cause and conditions that brought Children into CYFD custody are not going to change in the foreseeable future [CN 8-9].

**{3}** In his memorandum in opposition, Father continues to assert that CYFD failed to make reasonable efforts to assist him. Specifically, he argues the CYFD "failed him by not transporting him to get a psychological evaluation while he was incarcerated" and that CYFD should have made efforts to allow him "to participate in other components of the treatment plan while he was in jail." [MIO 11] He also continues to maintain that CYFD did not present clear and convincing evidence to terminate his parental rights because CYFD "did not provide him with reasonable efforts during the time he was in jail." [MIO 13]

**{4}** Father's response to our notice does not specifically dispute any of the facts or law upon which our proposed analysis relied. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In fact, Father's response does not address the district court's determination the CYFD made reasonable efforts, based on the

totality of the circumstances, including CYFD's statutory obligation, Father's efforts, and Children's health and safety. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶¶ 40-41, 421 P.3d 814. Rather, Father's response focuses on CYFD's perceived failures, but he does not address how these failures establish error in the district court's termination of his parental rights. "[W]e have traditionally considered the totality of the circumstances when reviewing the district court's determination." *Id.* ¶ 41. As we stated in our calendar notice, CYFD reviewed Father's treatment plan with him more than ten times, but had difficulty maintaining contact with Father; CYFD had almost no contact with Father for approximately a year and a half. [CN 5] When CYFD did locate Father in jail it made monthly visits, brought pictures of Children, and encouraged Father to write letters to Children. [CN 5] When CYFD was unable to locate Father, it reached out to his family members and encouraged them to have Father contact CYFD, which Father never did. [CN 5]

**{5}**     Father does not persuade us that more was required of CYFD under the circumstances. Father does not explain why he could not work toward completing his treatment plan while he was out of jail, and why the limitations of his incarceration and perceived failures of CYFD require reversal when balanced with all the other factors and efforts CYFD made to assist Father. *See State ex rel. Child., Youth & Fams. Dep't v Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 299, 47 P.3d 859 ("What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting."); *Keon H.*, 2018-NMSC-033 ¶ 48 ("Both [CYFD] and [a f]ather are responsible for making efforts toward reunification of the family.").

**{6}**     To the extent that Father maintains that he should be allowed more time to focus on his treatment plan requirements, including treatment for substance abuse [MIO 11], we are unpersuaded. Father continues to provide no reason why giving him additional time to alleviate the causes and conditions that brought Children into CYFD custody would be successful, in Children's best interests, or consistent with the statutory requirement that "a reunification plan to be maintained for a maximum of fifteen months." *State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶ 21, 136 N.M. 53, 94 P.3d 796; *see id.* ¶¶ 21, 53 (observing that "[p]arents do not have an unlimited time to rehabilitate and reunite with their children" and that "the district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that caused their children to be deemed neglected or abused").

**{7}**     Because Father has not addressed his assertions of error within the totality of the circumstances and under the requirements of our statute and case law, Father has not established error in our proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374 (explaining that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). We remain persuaded that CYFD made reasonable efforts to assist Father, and that sufficient evidence supports the termination of Father's parental rights.

**{8}**     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order terminating Father's parental rights.

**{9}     IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**