This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41334**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**SERGIO BOLANOS,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jarod K. Hofacket, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**　Defendant appeals his conviction for battery against a household member. This Court issued a calendar notice proposing to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded by Defendant's assertion of error, we affirm.

**{2}**　In the memorandum in opposition, Defendant maintains that there was insufficient evidence to support his conviction. [MIO 6] In particular, Defendant continues to assert that the State failed to prove that he touched or grabbed Victim and

that there is "a reasonable dispute" as to whether he touched Victim. [MIO 7] As we pointed out in our proposed disposition, however, Victim testified that Defendant grabbed her arm and pushed her against a fence. [CN 3] The testimony of a single witness constitutes sufficient evidence to uphold a conviction, *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333, and contrary evidence supporting acquittal does not provide a basis for reversal because the fact-finder is free to reject a defendant's version of the facts, *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. [CN 3-4] Defendant has therefore failed to assert any new facts, law, or arguments that persuade this Court that our proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 21, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**CONCLUSION**

**{3}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{4}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMARRA H. HENDERSON, Judge**