This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42073**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JAMES PEOPLES,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Yvette K. Gonzales, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Anne Amicarella, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from his judgment and sentence, after a bench trial of one count of aggravated driving while under the influence (first offense). This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant continues to maintain, based on the same theories presented in his docketing statement, that the metropolitan court erred in considering his two refusals to submit to breath tests as consciousness of guilt and there was insufficient evidence to

support his conviction based on evidence contrary to the verdict. [MIO 11-15] Our notice of proposed disposition proposed to affirm because it is well established in our case law that "consciousness of guilt is a permissible inference from a refusal to take a breath test" [CN 3] and there was sufficient evidence based on officer testimony, Defendant's poor performance on one field sobriety test, and Defendant's refusals. [CN 4] Defendant does not now direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. [MIO 5-8] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We remain unpersuaded that the metropolitan court erred in considering Defendant's refusals as consciousness of guilt or that Defendant's conviction was supported by insufficient evidence.

{3}     For the reasons stated in our notice of proposed disposition and herein, we affirm.

{4}     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JENNIFER L. ATTREP, Judge**