This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40169**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**VIENNA J.,**

Respondent-Appellant,

and

**JOSE N.,**

Respondent,

**IN THE MATTER OF IVEVIENNA N.,
KLISEANNA N., JOSE N., ELAINENA N.,
and DOMINIC N.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Dustin K. Hunter, District Judge**

Children, Youth & Families Department
Mary McQueeny, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H. Cravens, IV
Albuquerque, NM

for Appellant

JulieAnne Hufstedler Leonard, PC
JulieAnne Hufstedler Leonard
Capitan, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Respondent (Mother) appeals from the district court's judgment terminating her parental rights to Children. We issued a notice of proposed summary disposition proposing to affirm, and Mother has responded with a memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** In her memorandum in opposition, Mother continues to argue that the Children, Youth and Families Department (CYFD) failed to meet its burden to establish that the causes and conditions that led to Children's removal were unlikely to change in the foreseeable future. [MIO 8-13] Mother has not asserted any new facts or argument or otherwise persuaded us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We, therefore, refer Mother to our analysis therein.

**{3}** Additionally, to the extent Mother continues to point to her testimony that she went to medical appointments when possible, attended individual therapy and visits, that family therapy was never arranged due to COVID 19-related limitations, that she completed parenting classes and had an appropriate home, and that she was able to provide financially for Children, we reiterate that, on appeal, "the question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (internal quotation marks and citation omitted). [MIO 12-13] "We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Id.* (alteration, internal quotation marks, and citation omitted); *see also State ex rel. Child., Youth & Fams. Dep't v. Tammy S.*, 1999-NMCA-009, ¶ 13, 126 N.M. 664, 974 P.2d 158 ("This Court will uphold the termination if, viewing the evidence in the light most favorable to the judgment, a fact[-]finder could properly determine that the clear and convincing standard was met.").

**{4}** As discussed in our notice of proposed summary disposition, the other evidence at the termination hearing was sufficient to support the district court's finding on this issue. Accordingly, for these reasons and those stated in our notice of proposed disposition, we affirm the district court's judgment terminating Mother's parental rights to Children.

**{5}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**