This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40347**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

 Petitioner-Appellee,

v.

**ELISHA M.,**

 Respondent-Appellant,

and

**JOSHUA A.,**

 Respondent,

**IN THE MATTER OF ANGEL A.,**

 Child.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio J. Chavez, District Judge**

Children, Youth & Families Department
Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Carol Kirk Rodriguez
Albuquerque, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Elisha M. (Mother) appeals the termination of her parental rights. [MIO 5] In our notice of proposed disposition, we proposed to affirm. [CN 1, 7] Mother filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In her memorandum in opposition, Mother maintains that the Children, Youth and Families Department (CYFD) did not make reasonable efforts to assist her in alleviating the causes and conditions that brought Child into custody. [MIO 6] Specifically, Mother continues to argue that CYFD could have done more to aid Mother in working her treatment plan by providing more communication and transportation services and providing Mother with a four-to-six-month inpatient program for addiction recovery. [MIO 15] Mother cites no authority requiring CYFD to provide these services in order to satisfy its statutory burden. *See Curry v. Great Nw Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). In fact, our case law is clear that "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859; *see also id.* ¶ 23 ("What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting.").

**{3}**     Given the foregoing, we conclude Mother has not asserted any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}**     Thus, for the reasons stated in our notice of proposed disposition and herein, we affirm the termination of Mother's parental rights.

**{5}** IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**