This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40796**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**KIMBERLY M.,**

      Respondent-Appellant,

**IN THE MATTER OF DECEMBER W.,**

      Child.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY
Roscoe A. Woods, District Court Judge**

Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neil, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H, Cravens, IV
Albuquerque, NM

for Appellant

Law Office of Shasta N. Inman, LLC
Shasta N. Inman
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Respondent Kimberly M. (Mother) appeals from the district court's judgment terminating her parental rights. [3 RP 615-25] In this Court's notice of proposed disposition, we proposed to summarily affirm. [CN 12] Mother filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Mother repeats the presentation of the issues and facts asserted and argued in Mother's docketing statement. [MIO 3-14] Mother has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the termination of Mother's parental rights.

**{4}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**