This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41004

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PETE EVANS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Tom F. Stewart, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

{1}     Defendant appeals the district court's denial of his motion to withdraw his guilty plea. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In his memorandum in opposition, Defendant continues to assert that he did not knowingly or voluntarily plead guilty to battery upon a peace officer and resisting, evading or obstructing an officer, and he argues the district court should have therefore allowed him to withdraw his plea. [MIO 5] Specifically, Defendant argues that his guilty

plea was the product of ineffective assistance of counsel because his counsel badgered him into signing the plea agreement. [MIO 6, 9]

{3}    In order to make a prima facie case of ineffective assistance of counsel, "a defendant must show error on the part of counsel and prejudice resulting from that error." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 32, 143 N.M. 373, 176 P.3d 1105, *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, 332 P.3d 850. Such a finding requires that the attorney's conduct fell below that of a reasonably competent attorney. *Id.* When a defendant is represented by an attorney during the plea process and enters a plea upon the advice of that attorney, "the voluntariness and intelligence of the defendant's plea generally depends on whether the attorney rendered ineffective assistance in counseling the plea." *State v. Favela*, 2015-NMSC-005, ¶ 9, 343 P.3d 178 (internal quotation marks and citation omitted).

{4}    As noted in our proposed disposition, the district court conducted due inquiry and advisement during the plea hearing. [CN 2-3] The district court confirmed at the hearing that Defendant read and signed the plea agreement, understood its terms, understood the charges and penalties, and understood the constitutional rights he was waiving by entering into the plea. [MIO 8] The district court also confirmed with Defendant that "no threats or promises were made to induce [him] into a guilty plea" and that Defendant understood that he was admitting to the validity of three prior felony convictions. [*Id.*]

{5}    Defendant has not indicated any facts in the record to suggest that, at the time he entered his plea, he was doing so based on a deficient understanding of the plea agreement's terms or as a result of his counsel's bullying. We are bound to consider only the facts contained in the record when evaluating a claim for ineffective assistance of counsel. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. As such, we conclude that Defendant has failed to identify deficiencies in his counsel's performance or establish prejudice resulting from any perceived deficiencies.

{6}    We acknowledge, however, that "[e]vidence of an attorney's constitutionally ineffective performance and any resulting prejudice to a defendant's case is not usually sufficiently developed in the original trial record." *State v. Crocco*, 2014-NMSC-016, ¶ 13, 327 P.3d 1068. Thus, to the extent Defendant's ineffective assistance of counsel claim is grounded in facts outside the record—such as whether his attorney badgered him into pleading guilty—a habeas corpus proceeding is the proper venue for Defendant to pursue his claim. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

{7}    As to Defendant's remaining assertions regarding whether he made a knowing and intelligent plea, Defendant's memorandum in opposition appears to reiterate the same points made in his docketing statement without responding to the analysis contained and deficiencies identified, in this Court's notice of proposed disposition. As such, Defendant has failed to assert any new facts, law, or argument that persuade this

Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

{8}    For the reasons stated in our notice of proposed disposition and herein, we affirm.

{9}    **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**ZACHARY A. IVES, Judge**