This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41058**

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

> Petitioner-Appellee,

v.

**MONTES S.,**

> Respondent-Appellant,

and

**ROSAMARIA R.,**

> Respondent,

**IN THE MATTER OF MEEKLO C.S. a/k/a**
**MEEKLO C.R., and MONTES S., JR.,**

> Children.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Shannon Broderick Bulman, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H. Cravens, IV

Albuquerque, NM

for Appellant

Ernest O. Pacheco
Santa Fe, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Respondent Montes S. (Father) appeals from the district court's termination of his parental rights to Children. This Court issued a calendar notice proposing to summarily affirm. Father filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our notice of proposed disposition proposed to affirm based on our proposal that sufficient evidence supported the termination of Father's parental rights. [CN 6] In his memorandum in opposition, Father continues to maintain, based on the same facts—as stated in the docketing statement, recited in the district court's judgment, and referenced in our calendar notice—that the evidence is insufficient to support the termination. [MIO PDF 3-4, 7] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. The arguments contained in Father's memorandum in opposition do not persuade us that this Court's proposed summary disposition was in error and do not otherwise impact our analysis or our disposition of this case. As such, we affirm for the reasons stated in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**