This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41411**

**STATE OF NEW MEXICO ex rel.
CHILDREN YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**AALIYAH M.,**

       Respondent-Appellant,

and

**DOMINIC W.,**

       Respondent,

**IN THE MATTER OF IVAN M. and
JORDAN W.,**

       Children.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Angie K. Schneider, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H. Cravens, IV

Albuquerque, NM

for Appellant

Erinna M. Atkins
Alamogordo, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Mother appeals the district court's termination of her parental rights to Children. In our notice of proposed summary disposition, we proposed to affirm. Mother has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Mother's arguments, we affirm.

**{2}** In our notice of proposed summary disposition, we proposed to hold that sufficient evidence was presented to support the termination of Mother's parental rights. [CN 5] In her memorandum in opposition, Mother continues to argue, based on the same facts stated in the docketing statement and referenced in our calendar notice, that the evidence was insufficient to support the termination. Mother's memorandum in opposition maintains that argument, but does not point out any factual or legal error in the notice of proposed disposition. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Mother has not met that burden.

**{3}** To the extent Mother asserts she was put in a position of choosing between her right to assert her innocence and her rights as a parent—both fundamental rights—we are unpersuaded. [MIO 10] We understand Mother to argue that she had to choose between denying responsibility for Child's injury and admitting fault in order to receive treatment leading toward unification with Child. Mother contends she was confused as to her ability to recognize the cause of injury because she was informed of different means by which Child could have sustained the injury. [MIO 4] Notably, the basis for the district court's finding that Mother did not complete her treatment plan was because she did not understand, acknowledge or accept the medical records as being accurate and she denied culpability. [2 RP 355, 395-396] Mother acknowledges she failed to admit those facts because she contended they were untrue. [MIO 10] By failing to acknowledge the veracity of the medical records documenting Child's injury, or accept

any responsibility, Mother failed to meet an essential component of the treatment plan, which was necessary to remedy the physical neglect of and lack of supervision over Child. While the Children, Youth & Families Department (the Department) provided Mother with counseling to address these issues, Mother failed to make the necessary efforts. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H*., 2018-NMSC-033, ¶ 48, 421 P.3d 814 ("Both the Department and [Mother] are responsible for making efforts toward reunification of the family.").

{4}     Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's termination of Mother's parental rights.

{5}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**