This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41505**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TATIANNA MONTEZ**
**a/k/a TATIANNA B. MONTEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence convicting her of second offense driving under the influence of intoxicating liquor (DWI) under the impairment to the slightest degree standard. Unpersuaded that Defendant's docketing statement established error, we issued a notice proposing to summarily affirm. Defendant has responded with a memorandum in opposition to our notice. We have duly considered Defendant's response and remain unpersuaded. We therefore affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support her conviction for DWI, arguing that there was insufficient evidence that she had been driving. [DS 3-4] Our notice proposed to hold that the evidence of Defendant's statements to law enforcement, from which a jury could infer she was driving, and which was corroborated eyewitness testimony and a home security camera video, constitutes sufficient proof that Defendant was driving. [CN 2-4] Defendant's response to our notice maintains, based on the same facts and theories that the evidence does not prove she was driving. [MIO 3] We remain unpersuaded that Defendant has demonstrated error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** For the reasons stated herein and in our notice, we affirm the district court's judgment and sentence.

**{4}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**